## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

VACIE ELAINE DEAL,                          )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )        **Case No. 09-CV-0402-CVE-TLW**
                                            )
SEARS HOLDINGS CORPORATION,                 )
and SEARS, ROEBUCK AND CO.                  )
                                            )
            Defendants.                     )

## OPINION AND ORDER

Now before the Court is Defendant Sears, Roebuck and Co.'s Motion to Dismiss (Dkt. # 13).

Defendant Sears, Roebuck and Co.[1] (Sears) seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) of

plaintiff Vacie Elaine Deal's claims for violation of 42 U.S.C. § 1981 and slander.

### I.

For the purposes of Sears' motion to dismiss, the following facts alleged in the amended

complaint (Dkt. # 5) are taken as true. Deal is a 76-year-old African-American woman. Dkt. # 5,

at 1. Sears is a retailer that operates stores in the United States and Canada. Id. at 2. On or about

June 26, 2008, Deal was shopping in a Sears store in Tulsa, Oklahoma. Id. She purchased face and

bath towels from two African-American female sales clerks. Id. Deal and the clerks noticed that

some of the towels were soiled, so the clerks told Deal she could exchange the soiled towels for

clean ones on her way out of the store. Id. at 2-3. As she was exchanging the towels, Deal was

approached by a Caucasian security guard. Id. at 3. This security guard was allegedly aggressive,

---

[1]     Deal has filed a notice of dismissal (Dkt. # 15) dismissing all claims against defendant Sears
        Holdings Corporation.

and frightened Deal into attempting to leave the store.  <u>Id.</u>  The security guard then allegedly grabbed Deal by the arm and struck her in the chest.  <u>Id.</u>  The security guard was joined by two men and one woman, all of whom were Caucasian.  <u>Id.</u>  The security guard and female escorted Deal to a small room, where she "felt that her safety was threatened."  <u>Id.</u> at 3-4.  Deal alleges that she was never given an opportunity to explain herself, or to produce her checkbook or the receipt which would have proved she paid for the towels.  <u>Id.</u> at 4.  A police officer arrived and charged Deal with "Petit Larceny," after which she was allowed to go home.  <u>Id.</u> at 5.  Deal alleges that she was "badly emotionally shaken by the experience and found herself in a continuing state of fear" and had higher-than-normal blood pressure as a result of the incident.  <u>Id.</u> at 5.  Some time later, Deal called the store to explain that she had found the receipt and asked to pick up the merchandise she had purchased.  <u>Id.</u>  The sales clerk offered to return Deal's un-cashed check if Deal brought in the receipt, but would not allow Deal to take the towels.  <u>Id.</u>

Deal brought suit against Sears, alleging a violation of 42 U.S.C. § 1981, assault and battery, false arrest/imprisonment, intentional infliction of emotional distress, and slander.  She seeks compensatory and punitive damages.  Sears has moved to dismiss the § 1981 and slander claims.

## II.

In considering a motion to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss for failure to state a claim should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  The claim must include "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The factual allegations "must be enough to raise a right to relief above the speculative level." Id. When deciding whether to grant a motion to dismiss, a court must accept all the well-pleaded allegations as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 592; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). Nonetheless, a court need not accept as true those allegations which are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall, 935 F.2d at 1109-10. In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face. Twombly, 550 U.S. at 570.

### III.

A.      § 1981 Claim

Sears argues that Deal's § 1981 claim should be dismissed because she fails to sufficiently allege racial animus. Section 1981 is a civil rights statute that guarantees all persons "the same right . . . to make and enforce contracts." 42 U.S.C. § 1981. "[T]o establish a prima facie case of discrimination under § 1981, the plaintiff must show: (1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981." Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091, 1101-02 (10th Cir. 2001). Only the second element is at issue here.[2]

---

[2]      Deal is African-American, which is a protected class under § 1981, and Sears has not argued that Deal's right to "make and enforce contracts" is not implicated here. Dkt. # 13, at 3-6.

Sears correctly notes that Deal must allege race-based animus to state a claim under § 1981. Dkt. # 13, at 5; Roe v. Keady, 329 F.3d 1188, 1192 (10th Cir. 2003) ("to be actionable, defendants' conduct must have been imbued with or directed toward an impermissible discriminatory purpose"). Sears argues that Deal's allegations of racial animus are "speculative," "facially unsupported," and "without any basis in fact." Dkt. # 13, at 5. Truly speculative or conclusory allegations are insufficient to state a claim for racial discrimination. However, the Tenth Circuit has determined that "general allegations of an underlying race-based animus" were sufficient to state a claim for racial discrimination under § 1983, which requires the same racial animus as § 1981. Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1269-70 (10th Cir. 1989). The Tenth Circuit based its determination, in part, on Fed. R. Civ. P. 9(b), which states that "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Deal alleges that Sears "clearly intended to discriminate against [Deal] based on her race." Dkt. # 5, at 6. She alleges that the African-American sales clerks treated her politely, while the Caucasian security guard "assault[ed], accuse[d] and embarrass[ed]" her. Id. She alleges that the security personnel "treated [Deal] differently than they would have treated a 76-year-old white customer - even if they had believed she shoplifted." Id. Deal's complaint alleges racial animus, and states facts from which racial animus may be inferred.[3] This is sufficient to state a claim under § 1981.

---

[3]     Sears argues that Deal's "factual matters and legal conclusions provide no insight to the state of mind of the actors, and do not properly allow the necessary inference of racial animus to show entitlement to relief." Dkt. # 20, at 3. The Court disagrees; racial animus may be inferred from Deal's allegations.

4

The cases Sears cites in support of its motion to dismiss are not relevant.  Garrett v. Tandy Corp., 295 F.3d 94 (1st Cir. 2002), and Baltimore-Clark v. Kinko's Inc., 270 F. Supp. 2d 695 (D. Md. 2003), were decided on the third element of a § 1981 claim.  In Garrett, the First Circuit found that the plaintiff had not stated a claim under § 1981 because surveillance in a retail store did not negatively affect the plaintiff's ability to contract with the store.  295 F.3d at 101.  The sufficiency of the plaintiff's allegations of racial animus was not at issue.  Similarly, in Baltimore-Clark, the district court determined that the plaintiff had not stated a § 1981 claim because she was not "denied services or admittance, asked to leave, or required to prepay . . . ."  270 F. Supp. 2d at 700.  Neither of these cases supports Sears' argument that a plaintiff must do more than Deal has done in this case to allege the racial animus element of a § 1981 claim.  Eddy v. Waffle House, Inc., 335 F. Supp. 2d 693 (D.S.C. 2004), is inapposite.  In that case the district court held that use of a racial epithet was direct evidence of discriminatory intent.  Id. at 698.  That decision in no way suggests that such extreme evidence, or direct evidence at all, is required to state a claim under § 1981.  Further, Sears' discussion of admissible and inadmissible evidence, Dkt. # 20, at 3, is neither relevant nor persuasive.  A motion to dismiss is not a trial on the merits.  The eventual admissibility of potential evidence is entirely irrelevant to whether the plaintiff has stated a claim upon which relief may be granted.

B.    Slander Claim

Sears argues that Deal's slander claim should be dismissed because Deal fails to allege that the allegedly defamatory statements were published.  Dkt. # 13, at 6.  Sears also argues that, assuming they were made to store employees and/or law enforcement, the allegedly defamatory

statements are privileged. Id. Deal responds that it is Sears' duty to plead and prove that the communication was privileged, and argues that Sears has not done so. Dkt. # 19, at 6-7.

Slander is "a false and unprivileged publication, other than libel" which is defamatory per se or "by natural consequences, causes actual damage." OKLA. STAT. tit. 12, § 1442.[4] Publication is "the communication of the defamatory matter to some third person or persons." Magnolia Petroleum Co. v. Davidson, 148 P.2d 468, 471 (Okla. 1944) (quoting Prins v. Holland-North Amer. Mortgage Co., 181 P. 680 (Wash. 1919)). If a statement was not published, it is not actionable. See OKLA. STAT. tit. 12, § 1442; see also Trice v. Burress, 137 P.3d 1253, 1257 (listing "unprivileged publication to a third party" as one of the elements a defamation plaintiff must prove).

Deal does not allege publication of the allegedly defamatory statements. The complaint states that "[d]efendant made slanderous, false, defamatory statements about the Plaintiff, alleging that she had stolen merchandise from the store when Defendant knew or should have known that the merchandise was purchased with a check that was in the Defendant's possession." Dkt. # 5, at 12. From the complaint, the Court cannot determine to whom, if anyone, these statements were made. The Court will not speculate as to publication. Cf. Twombly, 550 U.S. at 555 ("the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed. 2004)).   Because Deal does not allege publication, she fails to state a claim for slander under Oklahoma law.  Therefore, the Court need not address the parties' arguments regarding qualified privilege.   It would be impossible to

---

[4]     The Court has diversity jurisdiction over Deal's defamation claim.  A federal court sitting in diversity applies the substantive law of the forum state.  Barrett v. Tallon, 30 F.3d 1296, 1300 (10th Cir. 1994).

determine whether a qualified privilege applied, because Deal has not specified to whom the statement was made.

**IT IS THEREFORE ORDERED** that Defendant Sears, Roebuck and Co.'s Motion to Dismiss (Dkt. # 13) is **granted in part** and **denied in part**; it is granted as to plaintiff's slander claim and denied as to plaintiff's § 1981 claim.  Plaintiff's slander claim is hereby **dismissed**.

**DATED** this 2nd day of November, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT